UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AXIOM PARTNERS LLC,

        Plaintiff,

v.                                            CIVIL NO. 06-10371
                                            HON. LAWRENCE P. ZATKOFF

PETER JAY KLAUSER,
JOSEPH DEPOMPEII,
FILM PLANET, LLC, and
FILM PLANET GALAXY FUND, LLC,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 1, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' motion to dismiss, filed on December 12, 2006. Plaintiff has filed a response, and Defendants have replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion to dismiss is conditionally GRANTED.

**II. BACKGROUND**

Defendants Klauser and DePompeii produce and distribute movies. In 2001, Plaintiff, a Michigan limited liability company, invested $450,000 in one of Klauser and DePompeii's movies,

*Stealing Candy*. Plaintiff alleges that it has not received its share of proceeds from *Stealing Candy*, and Klauser and DePompeii have refused to release financial information regarding it.

Plaintiff had several outstanding loans, which it was unable to repay because it did not received a sufficient return from its investment in *Stealing Candy*. To help relieve Plaintiff's financial situation, Klauser and DePompeii suggested that Plaintiff's creditors exchange their loans for shares in a California limited liability company, Film Planet Galaxy Fund. Many of the creditors, some of which were Michigan residents, agreed. The creditors signed a subscription agreement, which contained the following language:

> The undersigned hereby tenders this subscription and applies to purchase the number of Shares in Film Planet Galaxy Fund, LLC . . . . The undersigned understands that the Shares are being offered pursuant to the Confidential Private Placement Memorandum . . . . The undersigned has received a copy of the Memorandum, has reviewed it carefully, and has had an opportunity to question representatives of the [Film Planet Galaxy Fund] and obtain such additional information concerning the [Film Planet Galaxy Fund] as the undersigned requested.

Defendants' Exh. 2A. The Private Placement Memorandum stated that "[b]y purchasing shares, a Shareholder will become a member of [Film Planet Galaxy Fund]."

On December 11, 2006, Defendants brought the instant motion to dismiss for lack of subject matter jurisdiction.

### III.  LEGAL STANDARD

The party asserting federal jurisdiction bears the burden of proving that jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376 (1994). For purposes of diversity jurisdiction, an unincorporated association, including a limited liability company, takes the citizenship of each of its members. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Homfeld II v. Comair Holdings.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002).

## IV.  ANALYSIS

Defendants argue that because Defendant Film Planet Galaxy Fund has Michigan members, it has Michigan citizenship for purposes of diversity.  Thus, because Plaintiff also has Michigan citizenship, there is no diversity jurisdiction.

Plaintiff does not dispute that at least some Michigan creditors signed the subscription agreement for Film Planet Galaxy Fund.  However, Plaintiff argues that the subscription agreement did not make them members of Film Planet Galaxy Fund.  Plaintiff notes that the Michigan creditors did not believe they were becoming members of Film Planet Galaxy Fund when they signed the subscription agreement, and have never received any tax documents regarding Film Planet Galaxy Fund.  Plaintiff further notes that Defendants have failed to provide it with the financial statements and records of Film Planet Galaxy Fund.

Plaintiff's argument regarding the subjective beliefs of the Michigan creditors is without merit.  As noted above, the subscription agreement stated that the creditors were buying shares in Film Planet Galaxy Fund pursuant to the private placement memorandum.  The memorandum stated that purchasing shares made one a member of Film Planet Galaxy Fund.

Likewise, Plaintiff's argument concerning Film Planet Galaxy Fund's lack of records is unpersuasive.  There may well be irregularities regarding Film Planet Galaxy Fund's status as a limited liability company.  However, as Defendants argue, even if Film Planet Galaxy Fund is not technically a limited liability company, it is an unincorporated association, and thus takes the citizenship of its members.  Therefore, there is not complete diversity between Plaintiff and Defendants.

However, Plaintiff has stated that in the event the Court finds Film Planet Galaxy Fund has Michigan citizenship for diversity purposes, it is willing to dismiss Film Planet Galaxy Fund. It is proper for a party to dismiss a non-diverse party in order to correct a defect in diversity jurisdiction. *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952). Thus, the Court will give Plaintiff an opportunity to dismiss Film Planet Galaxy Fund.

## V.  CONCLUSION

For the above reasons, Defendants' motion to dismiss is conditionally GRANTED. Plaintiff will have until February 28, 2007, to dismiss Defendant Film Planet Galaxy Fund from this case. If Plaintiff fails to do so, the case will be dismissed without prejudice.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 1, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290