UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AXIOM PARTNERS, LLC,
A Michigan limited liability company,

      Plaintiff,

                                                                   CASE NO. 06-10371
                                                                   HON. LAWRENCE P. ZATKOFF

-vs-

                                                                **FIRST AMENDED COMPLAINT**

PETER JAY KLAUSER, an individual,
JOSEPH DEPOMPEII, an individual,
FILM PLANET, LLC, a foreign limited liability company,
, MARK L. LESTER, an individual,
AMERICAN WORLD PICTURES, INC., a California corporation,
and FILMTOWN ENTERTAINMENT, INC., a California corporation,
jointly and severally,

      Defendants.
_____/

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, AXIOM PARTNERS, LLC, by and through its attorney, KENNETH J. WROBEL, JR., P.C., and for its First Amended Complaint against the Defendants pursuant to leave granted by the Court, states the following:

1.     Plaintiff, Axiom Partners, LLC, is a Michigan limited liability company and is a citizen of the state of Michigan.

2.     Defendant, Peter Jay Klauser, is a citizen of the state of California.

3.     Defendant, Joseph DePompeii, is a citizen of the state of California.

1

4. Defendant, Film Planet, LLC, is a citizen of the state of California, and at the time of the filing of this complaint, none of its members were citizens of the state of Michigan.

5. Defendant, Film Planet, LLC, is a California limited liability company, which was orgainized in the state of California and which has its principal place of business in the State of California.

6. Film Planet, LLC conducts business in the state of Michigan.

7. Defendant, Mark Lester, is a citizen of the state of California.

8. Defendant, American World Pictures, Inc., is a citizen of the state of California.

9. Defendant, American World Pictures, Inc., is a California corporation, formed and incorporated in the state of California, and having its principal place of business in the State of California.

10. At all relevant times hereto, American World Pictures, Inc. conducted business in the state of Michigan.

11. Defendant, Filmtown Entertainment, Inc., is a citizen of the state of California.

12. Defendant, Filmtown Entertainment, Inc., is a California corporation, formed and incorporated in the state of California, and having its principal place of business in the State of California.

13. At all relevant times hereto, Filmtown Entertainment, Inc. conducted business in the state of Michigan.

14. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. Sec. 1332.

15. Jurisdiction is conferred by 28 U.S.C. Sec. 1332 and 28 U.S.C. Sec. 1331.

16. Venue is appropriate in the Court pursuant to 28 U.S.C. Sec. 1391, and this is the District where the claim arose.

## FACTUAL ALLEGATIONS

### A. *General Background*

17. Defendants, Klauser, DePompeii, Film Planet, Mark Lester, and American World Pictures are in the business of making, producing, and distributing movies.

18. Defendant, American World Pictures, Inc., is a Los Angeles based independent motion picture production and distribution company.

19. Defendant, Mark L. Lester, is American World Pictures's principal executive and President. Defendant, Mark L. Lester, is also a director and producer of motion pictures.

20. Defendants have been associated in numerous motion picture ventures.

21. Defendants' typical motion picture ventures are independent movies financed by private investors and institutional lendors.

22. Defendants' typical motion picture ventures involve the formation of a California limited liability company for the sole purpose of being the investment vehicle and business entity for making the movie.

23. Typically, the private investors solicited and secured by Defendants for their movie ventures become the members of the business entity formed for the movie.

24. Typically, the Defendants, Film Planet, LLC, Peter Jay Klauser, and/or Joseph DePompeii are set up as the manager(s) of the business entity that is formed for the movie venture.

25. Upon information and belief, typically, the defendants put up little to none of their own investment capital for the movie ventures.

26. Typically, the Defendants' movie ventures involve, at the very least, the following companies: the company formed as the investment vehicle which actually owns the movie; a production company, which is typically the defendant, American World Pictures, Inc.; and distribution companies, both USA and non-USA, one of which is typically the defendant, Amercian World Pictures, Inc.

27. Typically, Defendants, Peter Jay Klauser and Joseph DePompeii, are Executive Producers on the movie ventures.

28. Typically, Defendant, Mark L. Lester, is the director and a producer, on the movie ventures.

### B. *Movie Investment: "Stealing Candy"*

29. In 2001, Defendants, Klauser, DePompeii, Film Planet, Mark Lester, and American World Pictures desired to make, produce and distribute a movie titled "Stealing Candy".

30. Defendants sought and undertook to make the "Stealing Candy" movie pursuant to their typical method of financing and making independent movies as set forth above herein.

31. Defendants needed funding to make, produce, and distribute the movie "Stealing Candy".

32. Defendants, Klauser, DePompeii, Film Planet, Lester, and American World Pictures, Inc. desired and undertook to raise capital from private investors for the movie "Stealing Candy".

4

33. Defendants disseminated information, memorandum, confidential private placement memorandum, subscription documents, company operating agreement, literature, brochures, advertisements, and the like throughout the country through many media devices, including the world wide web. The sales literature promoted Defendants as successful film makers who have made many movies through the use of venture capital. See for example Exhibit 1.

34. Defendants disseminated information, memorandum, confidential private placement memorandum, subscription documents, company operating agreement, literature, brochures, advertisements, and the like, to Plaintiff and its principals.

35. One such document that was disseminated to potential investors, including Plaintiff, was a material representation and express declaration to investors that American World Pictures, Inc. and Filmtown Entertainment, Inc. were guaranteeing the investment. Exhibit 2.

36. The document, attached as Exhibit 2, contained other material declarations and representations made to the investors by defendants. Said socument was provided to the principals of plaintiff prior to the subject matter investment to solicit and induce the investment.

37. Plaintiff and its principals relied on the representations made in that document. Exhibit 2.

38. Defendants solicited private investment in the "Stealing Candy" movie from citizens of the state of Michigan, including Plaintiff.

39. Defendants represented that they had formed a separate California limited liability company for the sole purpose of being the investment vehicle and business entity for producing the movie "Stealing Candy".

40. Defendants represented that Film Planet Stealing Candy, LLC was formed in December 2001 to finance, develop, produce and license the full-length motion picture based on the completed screenplay entitled "Stealing Candy".

41. The screenplay was/is owned by Defendant, American World Pictures, Inc.

42. Upon information and belief, the managers of Film Planet Stealing Candy, LLC were the Defendants, Klauser, DePompeii, and Film Planet, LLC.

43. Upon information and belief, the principal officers and directors of Film Planet Stealing Candy, LLC were defendants, Mark L. Lester, Peter Jay Klauser, Joseph DePompeii, and Todd Olsson.

44. In soliciting investment funds, Defendants represented to Plaintiff that they had already sold $625,000.00 in foreign distribution rights to the Stealing Candy movie.

45. In soliciting investment funds, Defendants represented to Plaintiff that the investment was secured by the guarantees and the assets of other related business entities that Defendants were involved in. The assets included the library of movies owned by the businesses.

46. In soliciting investment funds, Defendants represented to Plaintiff that American World Pictures, Inc. and Filmtown Entertainment, Inc. were guaranteeing the investment.

47. Defendants represented that the investment was little-to-no risk because they had already pre-sold distribution rights and because there were guarantees from American World Pictures, Inc., Film Planet, LLC, and Filmtown Entertainment, Inc.

48. In soliciting the investment, defendants represented that 100% of the net profits from the Motion Picture will be paid to Film Planet Stealing Candy, LLC (the "Company") until the Company receives cash distributions equal to 120% of its investment in the Company, after which net profits will be allocated 25% to the Company and 75% to the Production Companies for the life of the project.

49. Defendants provided Plaintiff with a "subscription agreement" that pertained to acquiring ownership interests (shares) in Film Planet Stealing Candy, LLC.

50. Based on the representations made by Defendants, Plaintiff invested in Film Planet Stealing Candy, LLC.

51. On February 28, 2002, Plaintiff invested $450,000.00 in Film Planet Stealing Candy, LLC, a California limited liability company.

52. On February 28, 2002, Plaintiff wired $450,000.00 to the Wells Fargo Bank, account of Film Planet.

53. Plaintiff acquired approximately 76.29% ownership interest of Film Planet Stealing Candy, LLC as a result of the $450,000.00 investment in said limited liability company.

54. At all relevant times, Defendants, Klauser, DePompeii, and Film Planet, managed the business activities of Film Planet Stealing Candy, LLC.

55. Defendant, Mark L. Lester, directed the making of the movie "Stealing Candy".

56. Defendants, Klauser, DePompeii, and Lester were among the producers of the movie "Stealing Candy".

57. Defendant, American World Pictures, Inc., was/is the Production Company for the motion picture entitled "Stealing Candy".

58. Defendant, American World Pictures, Inc., is the principal non-USA distributor of the motion picture entitled "Stealing Candy".

59. Lions Gate Films is the principal US distributor of the motion picture entitled "Stealing Candy".

60. The movie "Stealing Candy" was completed, marketed, and distributed.

61. At all times relevant herein, all revenue from sales of the movie "Stealing Candy" were the sole property of Film Planet Stealing Candy, LLC.

62. Defendants have not provided any meaningful and tangible financial information about the investment in Film Planet Stealing Candy, LLC.

63. Defendants have not provided any generally accepted financial information about the investment in Film Planet Stealing Candy, LLC.

64. Defendants have not provided any financial information about the motion picture entitled "Stealing Candy" or Film Planet Stealing Candy, LLC which was prepared by a certified public account (CPA) or accountant.

65. Defendants, Klauser, DePompeii, and Film Planet have kept Plaintiff in the dark about the finances of the movie and Film Planet Stealing Candy, LLC.

66. Defendants, Klauser, DePompeii, and Film Planet, failed and refuse to account for business activities of Film Planet Stealing Candy, LLC.

67. Defendants, Klauser, DePompeii, and Film Planet, failed and refuse to account for the revenue from the Stealing Candy movie.

68. Defendants, Klauser, DePompeii, and Film Planet, failed and refuse to provide records and accountings regarding the business activities of Film Planet Stealing Candy, LLC.

69. Upon information and belief, assets of Film Planet Stealing Candy, LLC were transferred to other businesses associated with defendants.

70. Plaintiff has not yet even recovered its initial investment in Film Planet Stealing Candy, LLC.

71. Plaintiff has not received any profits from the business.

72. Defendants essentially took Plaintiff's investment funds for their own financial gain.

## COUNT I
## (Violation of the Michigan Uniform Securities Act)

73. Plaintiff incorporates by reference paragraphs 1 through 72.

74. The "subscription agreement" and membership interest issued to Plaintiff and to other investors for investment in Film Planet Stealing Candy, LLC constitutes a "security" within the meaning of section 401(z) of MUSA, being MCL 451.801.

75. By virtue of their conduct as set forth herein, the Defendants violated the Michigan Uniform Securities Act ("MUSA"),

76. By virtue of their conduct as set forth herein, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, employed a device, scheme, or artifice to defraud contrary to and in violation of Michigan law, MCL 451.501(1).

77. By virtue of their conduct as set forth herein, the Defendants, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, engaged in acts, practice, or course of business which operated as a fraud or deceit upon Plaintiff contrary to and in violation of Michigan law, MCL 451.501(3).

78. By virtue of their conduct as set forth herein, the Defendants, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, obtained money or property by means of untrue statements of material fact and/or by omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, which conduct was contrary to and in violation of MUSA.

79. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages, including lost profits.

80. By virtue of their conduct as set forth herein, pursuant to MUSA, and not by way of limitation, defendants are liable to plaintiff to recover the consideration paid for the security with interest thereon upon tender of such security.

WHEREFORE, the Plaintiff, Axiom Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, plus incidental and consequential damages, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

## COUNT II
### (Violation of the Securities Act of 1933 "Securities Act")

81. Plaintiff incorporates by reference paragraphs 1 through 80.

82. The "subscription agreement" and membership interest issued to Plaintiff and to other investors for investment in Film Planet Stealing Candy, LLC constitutes a

10

"security" within the meaning of the Securities Act of 1933, being 15 USC 77a, et seq. ("the Securities Act").

83. By virtue of their conduct as set forth herein, the Defendants, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, employed a device, scheme, or artifice to defraud contrary to and in violation of the Securities Act.

84. By virtue of their conduct as set forth herein, the Defendants, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, engaged in acts, practice, or course of business which operated as a fraud or deceit upon Plaintiff contrary to and in violation of the Securities Act.

85. By virtue of their conduct as set forth herein, the Defendants, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, obtained money or property by means of untrue statements of material fact and/or by omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, which conduct was contrary to and in violation of the Securities Act..

86. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages, including lost profits.

87. By virtue of their conduct as set forth herein, pursuant to 15 USC Section 77(l), and not by way of limitation, defendants are liable to plaintiff to recover the consideration paid for the security with interest thereon, less the amount of any income received thereon, upon tender of such security.

WHEREFORE, the Plaintiff, Axiom Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, plus incidental and consequential damages, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

## COUNT III
### (Breach of Trust and Fiduciary Duties)

88. Plaintiff incorporates by reference paragraphs 1 through 87.

89. By virtue of their relationship with the Company and with Plaintiff, Axiom Partners, LLC, Defendants, Klauser, DePompeii, Film Planet, and Mark L. Lester owed Plaintiff both statutory and common law fiduciary duties, including but not limited to:

   a. the duty to act with utmost good faith and loyalty toward Plaintiff;
   b. duties of trust and confidence;
   c. the duty to refrain from self-dealing;
   d. the duty to disclose pertinent business information to Plaintiff;
   e. the duty to refrain from exploiting or usurping information or opportunities for their own benefit and to the benefit of others and to the detriment of Plaintiff;
   f. the duty to provide and allow verification of receipt and expenditure of funds received from business operations;
   g. the duty to render true and full information of all things affecting the business operations;
   h. the duty to account to Plaintiff;
   i. the duty to hold as fiduciary for the corporation all proceeds;
   j. the duty to provide a formal accounting as to the affairs of the business.

90. Defendants breached their trust and fiduciary obligations by the aforementioned acts, including but not limited to: violation their obligations of disclosure; making and/or undertaking excessive, inappropriate and unauthorized payments and/or obligations; failing to account for the business revenue and expenditures; failing

to provide detailed accounting of the business activities; failing to refrain from self-dealing; and otherwise mismanaging the business affairs contrary to the best interests of the Plaintiff.

91. By virtue of their conduct described above, Defendants acted in their own self-interest, which was in conflict with the interests of Plaintiff.

92. Defendants' conduct constituted a breach of their fiduciary duties to Plaintiff.

93. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages, including lost profits.

WHEREFORE, the Plaintiff, Axiom Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, plus incidental and consequential damages, against Defendants, Klauser, DePompeii, Film Planet, and Mark L. Lester jointly and severally, together with costs, interest, and attorney fees.

## COUNT IV
### (Conversion)

94. Plaintiff incorporates by reference paragraphs 1 through 93.

95. Defendants on information and belief intentionally caused Company assets to be diverted to themselves, by wrongfully exercising dominion, control and disbursement over and of the company assets, and without the knowledge of Plaintiff, Axiom Partners, LLC, and without full disclosure to Plaintiff, Axiom Partners, LLC.

96. Defendants on information and belief intentionally caused company assets to be diverted to other entities affiliated with or controlled by Defendants, Klauser,

DePompeii, Film Planet, Mark L. Lester, and/or American World Pictures, Inc. by wrongfully exercising dominion, control and disbursement over and of the company assets, and without the knowledge of Plaintiff, Axiom Partners, LLC, and without full disclosure to Plaintiff, Axiom Partners, LLC.

97. Such actions constitute conversion and misappropriation of Company assets.

98. As a direct and proximate result of these actions, Plaintiff, Axiom Partners, LLC, has suffered injury.

WHEREFORE, the Plaintiff, Axiom Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

## COUNT V
### (Action for Accounting)

99. Plaintiff incorporates by reference paragraphs 1 through 98.

100. Defendants failed to maintain accurate records of the subject matter business activities.

101. Defendants have failed and refused to provide information, including financial information, about the Company's business activities.

102. Plaintiff cannot, even with liberal discovery, reasonably be expected to ascertain and determine the extent of the business conducted by Defendants.

103. Plaintiff does not know what amounts may be revealed by such accounting as being owed to Plaintiff and, therefore, makes no specific demand for monetary relief at the present time.

14

WHEREFORE, the Plaintiff requests that this court enter judgment compelling Defendants to prepare, at their sole expense, a true and accurate accounting of all of the activities and assets of Film Planet Stealing Candy, LLC, and all business activities related to the financing, development, making, production, licensing, and distribution of the full length motion picture entitled "Stealing Candy", and to award Plaintiff other and different relief as the court deems warranted.

## COUNT VI
### (Fraud Based on False Representations)

104. Plaintiff incorporates by reference paragraphs 1 through 103.

105. Defendants, directly or indirectly, employed a device, scheme, or artifice to defraud the plaintiff.

106. Defendants made representations of material facts, as set forth hereinabove.

107. The representations were false when they were made.

108. Defendants knew that the representations were false when they made them, or the defendants made them recklessly, without knowing whether they were true.

109. Defendants made the representations with the intent that Plaintiff rely on them.

110. Plaintiff relief on the representations.

111. Plaintiff was damaged as a result of its reliance.

WHEREFORE, the Plaintiff requests that this court enter a judgment for damages in its favor in an amount greater than $75,000.00, plus incidental and consequential damages, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

## COUNT VII
### (Fraud Based on Bad Faith Promise)

112. Plaintiff incorporates by reference paragraphs 1 through 111.

113. Defendants, directly or indirectly, employed a device, scheme, or artifice to defraud the plaintiff.

114. Defendants promised that American World Pictures, Inc. and Filmtown Entertainment, Inc. were guaranteeing the investment.

115. At the time defendants made the promise, they did not intend to keep it.

116. Defendants made the promise with the intent that plaintiff rely on it.

117. Plaintiff relied on the promise.

118. Plaintiff was damages as a result of its relienace.

WHEREFORE, the Plaintiff requests that this court enter a judgment for damages in its favor in an amount greater than $75,000.00, plus incidental and consequential damages, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

## COUNT VIII
### (Innocent Mispresentation)

119. Plaintiff incorporates by reference paragraphs 1 through 118.

120. Defendants' representations, as set forth hereinabove, were made in connection with the Plaintiff's investment in the movie "Stealing Candy".

121. The representations made by Defendants at or near the time of the investment were false.

122. Plaintiff would not have made the investment if Defendants had not made the representations.

123. Plaintiff had a loss and has suffered substantial economic damages as a result of the investment.

124. Plaintiff's loss benefited the Defendants.

WHEREFORE, the Plaintiff requests that this court enter a judgment for damages in its favor in an amount greater than $75,000.00, plus incidental and consequential damages, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

### COUNT IX
### (Breach of Guarantee)

125. Plaintiff incorporates by reference paragraphs 1 through 124.

126. Defendants, American World Pictures, Inc., Film Planet, LLC, and Filmtown Entertainment, Inc. guaranteed the principal investment made by plaintiff Guaranty of Payments executed by Gesell and Meier with respect to each and every loan transaction as described hereinabove, are legal, valid, and enforceable contracts.

127. Plaintiff has not received payment of its principal investment it made in the movie "Stealing Candy".

128. Pursuant to their guarantee, Defendants, American World Pictures, Inc., Film Planet, LLC, and Filmtown Entertainment, Inc. owe plaintiff its principal investment made to make the movie "Stealing Candy".

129. The guarantees as described hereinabove are in default.

130. American World Pictures, Inc. has defaulted under the terms and conditions of the Guarantee.

17

131. Film Planet, LLC has defaulted under the terms and conditions of the Guarantee.

132. Filmtown Entertainment, Inc. has defaulted under the terms and conditions of the Guarantee.

133. Defendants have not paid the amounts due and owing and refuse to pay such amounts.

WHEREFORE, the Plaintiff, Axiom Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, against Defendants, American World Pictures, Inc., Film Planet, LLC, and Filmtown Entertainment, Inc., jointly and severally, together with costs, interest, and attorney fees.

## COUNT X
### (Civil Conspiracy)

134. Plaintiff incorporates by reference paragraphs 1 through 133.

135. The Defendants, Peter Jay Klauser, Joseph DePompeii, Mark L. Lester, Film Planet, LLC, Filmtown Entertainment, Inc., and American World Pictures, Inc., conspired, confederated, and acted in concert for an unlawful purpose or a proper purpose through unlawful means.

136. As a direct and proximate result of the aforementioned Defendants' civil conspiracy, the Plaintiff has been injured and has suffered significant economic injuries.

WHEREFORE, the Plaintiff, Axiom Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, against Defendants, Klauser, DePompeii, Lester, Film Planet,

LLC, Filmtown Entertainment, Inc., and American World Pictures, Inc., jointly and severally, together with costs, interest, and attorney fees.

Dated: **January 8, 2007**                         *s/Kenneth J. Wrobel, Jr.*
                                                   Kenneth J. Wrobel, Jr. (P44176)
                                                   Attorney for Plaintiff
                                                   390 Park Street, Suite 200
                                                   Birmingham, MI 48009
                                                   (248) 645-2200
                                                   E-mail: kenwrobel@sbcglobal.net

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on February 8, 2007, the foregoing *First Amended Complaint* was electronically filed using the Court's CM/ECF system, which will automatically send notice of the filing to:

> Jonathon T. Walton, Esquire
> Walton & Donnelly, P.C.
> 535 Griswold Street
> 1550 Buhl Building
> Detroit, MI 48226

                                                   *s/Kenneth J. Wrobel, Jr.*
                                                   Kenneth J. Wrobel, Jr. (P44176)
                                                   Attorney for Plaintiff
                                                   390 Park Street, Suite 200
                                                   Birmingham, MI 48009
                                                   Telephone: (248) 645-2200
                                                   E-Mail: kenwrobel@sbcglobal.net